UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF DONTAE SHANNON,

    Plaintiff,

v.                                                   Case No. 24-CV-1575

CITY OF RACINE, *et al.*,

    Defendants.

---

### DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS COMPLAINT

---

Dontae Shannon was killed by former City of Racine Police Officers Chad Stillman and Peter Boeck during a traffic stop on January 17, 2018. Shannon's grandmother, Mary Myers, proceeding *pro se*, sues the City of Racine, Stillman, and Boeck under 42 U.S.C. § 1983 on behalf of Shannon's Estate (the "Estate"). Defendants move to dismiss Plaintiff's complaint on the ground that it fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons further explained below, the Defendants' motion to dismiss is granted and the complaint is dismissed.

### BACKGROUND

At approximately 2:55 p.m. on January 17, 2018, Officers Stillman and Boeck were contacted by an unidentified source stating that Shannon was in possession of a firearm belonging to Shannon's father, Nakia Shannon. (Compl. at 3, Docket # 1.) The Estate alleges that Officers Stillman and Boeck neglected to request backup prior to the execution of a "high risk traffic stop of a suspected armed felon." (*Id.*) As Shannon fled the scene, the officers discharged their firearms, striking Shannon and causing his death. (*Id.* at 3–4.) The Estate

asserts Officers Stillman and Boeck violated the Racine Police Department's policy to disengage from pursuits that create imminent danger to themselves, others, or the public. (*Id.* at 3.) The Estate alleges the officers used excessive force during their encounter with Shannon.

On February 5, 2018, the Estate, through counsel, sued the City of Racine and Officers Stillman and Boeck pursuant to § 1983 in *Estate of Donte' Devel Shannon, ex. rel. personal representative, Vivian Johnson v. The City of Racine, et al.*, Case No. 18-CV-194 (E.D. Wis. Feb. 5, 2018).[1] In this lawsuit, the Estate alleged that Shannon's mother, Vivian Johnson, was the personal representative of his Estate. (Compl. ¶ 7, Docket # 1 in Case No. 18-CV-194.) On November 13, 2018, the parties jointly stipulated to dismiss the case without prejudice. (Docket # 26 in Case No. 18-CV-194.)

A probate case was opened on October 15, 2018 in Racine County Probate Court. *In the Estate of Donte Devel Shannon*, Racine County Case No. 2018PR316, *available at* Wisconsin Consolidated Court Automation Programs ("CCAP"), https://www.wicourts.gov/(last visited Jan. 28, 2025). Johnson was listed as the personal representative of the Estate while Nakia Shannon was listed as an interested person. (*Id.*) The Estate was closed on November 12, 2019, showing full distribution going to Johnson and Nakia Shannon. (*Id.*)

On December 9, 2024, the Estate filed the instant lawsuit against the City of Racine and Officers Stillman and Boeck. (Docket # 1.) The complaint was signed by Mary Myers, who asserts she is Nakia Shannon's mother and Dontae Shannon's grandmother. (Docket # 12 at 1.) Myers provided a signed and notarized letter from Nakia Shannon and Johnson,

---

[1] The district court may take judicial notice of matters of public record without converting a Fed. R. Civ. P. 12(b)(6) motion into a motion for summary judgment. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

2

stating they do not contest Myers acting as the personal representative of the Estate. (Docket # 13.)

## STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint on the basis that the plaintiff has failed to state a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this language to require that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court elaborated further on the pleadings standard, explaining that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," though this "standard is not akin to a 'probability requirement.'" 556 U.S. 662, 678 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

When determining the sufficiency of a complaint, the court should engage in a two-part analysis. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). First, the court must "accept the well-pleaded facts in the complaint as true" while separating out "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.* (citing *Iqbal*, 556 U.S. at 680). Next, "[a]fter excising the allegations not entitled to the presumption [of truth], [the court must] determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *Id.* (citing *Iqbal*, 556 U.S. at 681). As explained in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679. All factual allegations and any reasonable inferences must be construed in the light most favorable to the nonmoving party. *Price v. Bd. of Educ. of City of Chicago*, 755 F.3d 605, 607 (7th Cir. 2014).

## ANALYSIS

Defendants argue the complaint must be dismissed on multiple grounds. First, they argue that Myers cannot legally bring a lawsuit on behalf of the Estate as she is not the personal representative of the Estate. Second, Defendants argue that even if Myers was the personal representative of the Estate, she cannot represent the Estate *pro se*. Third, Defendants argue that all claims stemming from Shannon's January 17, 2018 death are barred by the applicable statute of limitations. And fourth, they argue the complaint fails to state a claim against the City of Racine under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). I will address each argument in turn.

   1.  *Whether Myers Can Bring a Pro Se Lawsuit on Behalf of the Estate*

Defendants argue that Myers is not legally authorized to bring this lawsuit on behalf of the Estate, and even if she was authorized, she cannot proceed *pro se*. The Estate sues under § 1983 for excessive force resulting in Shannon's death. Federal courts look to state law to determine whether a § 1983 claim survives the victim's death. *Hutchinson on Behalf of Baker v. Spink*, 126 F.3d 895, 898 (7th Cir. 1997). Wisconsin law provides that causes of action for "damages to the person" survives one's death. Wis. Stat. § 895.01(1)(am)7; *see also Christ v. Exxon Mobil Corp.*, 2015 WI 58, ¶ 20, 362 Wis. 2d 668, 681–82, 866 N.W.2d 602, 608 ("Personal injury actions seeking damages for a decedent's injuries suffered before death fall under the category of 'other damage to the person' in Wis. Stat.§ 895.01(1)(am)7."). However,

4

Case 2:24-cv-01575-NJ   Filed 02/06/25   Page 4 of 11   Document 15

Wisconsin law also provides that such actions for injuries sustained by a victim prior to his death must be brought by the decedent's personal representative to benefit the decedent's estate. *Id.*; *see also* Wis. Stat. § 877.01 ("If a cause of action survives under ch. 895, a personal representative may maintain an action on the cause of action against the wrongdoer in every case in which the decedent could, if living, maintain the action . . . .").

Myers argues that she is representing Shannon's estate and there is "no evidence provided that Vivian Johnson has contested Mary Myers the (sic) role as representative of the Estate of Mr. Shannon." (Docket # 12 at 1.) As an initial matter, as stated above, Shannon's Estate was closed on November 12, 2019. Myers does not contend that she has petitioned the probate court to reopen the Estate. Thus, currently, there is no estate to file a lawsuit. Further, Myers cannot simply appoint herself the personal representative of the Estate. Although she contends that neither of Shannon's parents contest her representing the Estate in this case (Docket # 13), the appointment of the personal representative is done by the probate registrar, *see* Wis. Stat. § 865.08(1)(ac), even in cases such as this one, where the Estate went through "informal administration," (*see* Affidavit of Ian Pomplin ("Pomplin Aff.") ¶ 4, Ex. 1, Docket # 4-2).

Even if there was an active estate and Myers was the personal representative, a Plaintiff cannot proceed *pro se* on behalf of an estate unless she is the sole beneficiary of the estate. *Nash v. Aurora Health Care Inc.*, No. 24-CV-348, 2024 WL 1675061, at *3 (E.D. Wis. Apr. 18, 2024). This is because an administrator does not act on her own behalf, but on behalf of all of the beneficiaries of an estate. *Id.* When the Estate was open, only Nakia Shannon and Johnson were listed as interested parties. (Docket # 4-2.) Thus, Myers is not a beneficiary of the Estate, nor the sole beneficiary.

5

For these reasons, Myers cannot maintain this cause of action on behalf of the Estate.

    *2.       Whether the Statute of Limitations has Expired*

Even if Myers could properly bring this lawsuit, Defendants argue that the statute of limitations has expired. Courts look to the personal injury laws of the state where the injury occurred to determine the applicable statute of limitations in a § 1983 case. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). In Wisconsin, the applicable statute of limitations for § 1983 claims is found in Wis. Stat. § 893.53. *D'acquisto v. Love*, No. 20-CV-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020). Effective April 4, 2018, the Wisconsin legislature amended Wis. Stat. § 893.53 to provide for a three-year statute of limitations. *Jacobs v. Schermitzler*, No. 22-C-386, 2022 WL 17361709, at *3 (E.D. Wis. Dec. 1, 2022). The prior version of the statute provided for a six-year statute of limitations. *Id.* The events in question in this case occurred on January 17, 2018, prior to the effective date of the amendment. Thus, any claims of the Estate continues to fall under the prior, six-year statute of limitations.

The Estate does not dispute that its causes of action accrued on the date Dontae Shannon died—January 17, 2018. Six years from that date is January 17, 2024. This lawsuit was filed on December 9, 2024. Thus, the Estate's lawsuit is time-barred unless tolling applies. The Estate argues that because it previously filed a complaint against the Defendants in federal court, pursuant to Wis. Stat. § 893.13, the statute of limitations was tolled during the pendency of that previous action. (Docket # 12 at 1–2.)

As with the applicable statute of limitations, federal courts look to the state's tolling rules in § 1983 actions. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). Wis. Stat. § 893.13 provides that a statute of limitations is tolled by the commencement of an action to enforce the cause of action "for the period from the commencement of the action until the final

6

disposition of the action." *Id.* § 893.13(2). The parties dispute whether the Estate's previous action, which was voluntarily dismissed pursuant to Fed. R. Civ. P. 41(a)(2), impacts tolling under Wisconsin law.

This question presents an interesting intersection between Wisconsin and federal law. For § 1983 claims, federal courts must look to the state's laws on tolling. Under Wisconsin law, there are two potentially relevant statutes. Section 893.13, which addresses tolling of Wisconsin actions, and § 893.15, which provides a similar tolling provision for non-Wisconsin forum actions. Again, the Estate's previous federal action was voluntarily dismissed. And Wisconsin courts have addressed tolling differently depending on whether the voluntarily dismissed case was in federal or state court.

The Estate cites *Johnson v. County of Crawford*, 195 Wis. 2d 374, 536 N.W.2d 167 (Ct. App. 1995) in support of its argument for tolling. In *Johnson*, both the original cause of action and the one before the court of appeals originated in Wisconsin state court. The trial court dismissed the plaintiff's second action on the grounds that it was time-barred, finding that the previous action, which was voluntarily dismissed, did not toll the statute of limitations under § 893.13(2). The trial court relied on federal law that concluded when an action is voluntarily dismissed pursuant to Fed. R. Civ. P. 41(a)(2), it is treated as if it had never been filed and thus does not toll the statute of limitations. 195 Wis. 2d at 381–82, 536 N.W.2d at 169. The *Johnson* court reversed, declining to apply the federal court's interpretation and finding that the statute of limitations was tolled despite the voluntary dismissal of the original case.

Years later, in *Culbert v. Ciresi*, 2003 WI App 158, 266 Wis. 2d 189, 667 N.W.2d 825, the Wisconsin Court of Appeals was again presented with a question of tolling. In this case, however, the original cause of action was voluntarily dismissed in federal court, while the

7

second, arguably time-barred action, was filed in state court. The plaintiff argued that *Johnson* applied and thus the previous voluntary dismissal had no impact on tolling. The plaintiff further argued that while Wis. Stat. § 893.15(2) directs that the law of the local forum governs when a foreign action is "commenced," Wisconsin courts should look to Wisconsin law to determine the effect of voluntary dismissal on tolling. *Id.* ¶ 15. The *Culbert* court rejected both arguments. It distinguished *Johnson* on the basis of where the original action was filed in each case. It concluded that because the original action in *Culbert* was filed in federal court, *Johnson* did not apply. 2003 WI App 158, ¶ 14. The court further declined to look to state law on tolling to determine when the federal cause of action commenced, stating that Fed. R. Civ. P. 41(a)(1) makes the dismissed case a nullity, and this premise is "integral to determining when the federal action was commenced." *Id.* ¶ 15. Thus, the court concluded that because the "federal action was never commenced under federal law, the statute of limitations was not tolled." *Id.*

In this action, unlike either *Johnson* or *Culbert*, both the original case and the present case were filed in federal court. However, I must borrow Wisconsin law to determine how to apply tolling in this § 1983 case. But Wisconsin courts have concluded that a voluntary dismissal impacts tolling differently depending on whether the dismissed action was filed in federal or state court. Thus, it would appear that under Wisconsin law, because the Estate's previous federal action was voluntarily dismissed under Fed. R. Civ. P. 41(a)(1), tolling does not apply in this subsequent action.

I acknowledge, however, that at least one other court in this district, when faced with the same question, simply applied Wis. Stat. § 893.13 without considering *Culbert*. *See Holifield v. Rivamonte*, No. 22-CV-0742, 2022 WL 2713697 (E.D. Wis. July 13, 2022), *aff'd*, No. 22-

8

2301, 2023 WL 2674366 (7th Cir. Mar. 29, 2023). In *Holifield*, as in this case, the district court was presented with a tolling argument based on a previously filed § 1983 case in federal court that was voluntarily dismissed. The court in that case, however, simply applied Wis. Stat. § 893.13 and did not address the Wisconsin law on voluntary dismissal in state versus federal court.

Even assuming, *arguendo*, however, that the statute of limitations was tolled during the pendency of the Estate's previous federal action, the current action is still untimely. The Estate's cause of action accrued on January 17, 2018. The six-year statute of limitations began running until it was tolled on February 5, 2018—the date Case No. 18-CV-194 was commenced. At this point, 18 days of the statute of limitations had run. The statute of limitations was tolled until the case was voluntarily dismissed and closed on November 14, 2018. Thus, the statute of limitations was tolled for 282 days and began running again on November 15, 2018. At this point, the Estate had 2,172 days left of its statute of limitations (six years less the 18 days that already ran). As such, the Estate had until Monday, October 28, 2024, to file its complaint. (November 15, 2018 plus 2,172 days = October 26, 2024, a Saturday, so we look to the next business day). In other words, even with tolling, the Estate's December 9, 2024 filing is untimely. Thus, this action must also be dismissed as time-barred.

3. *Claims against the City of Racine Under* Monell

Finally, in addition to any potential claims against Defendants being time-barred, the Estate fails to state a *Monell* claim against the City of Racine. While a municipality is a "person" under § 1983 and may be held liable for its own violations of the federal Constitution and laws, *First Midwest Bank Guardian of Est. of LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021), a plaintiff must prove that the constitutional violation was caused by a

governmental "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," *id.* The Seventh Circuit has interpreted this language to include three types of actions that can support municipal liability under § 1983: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id.* (quoting *Spiegel v. McClintic*, 916 F.3d 611, 617 (7th Cir. 2019)).

While the Estate alleges in its complaint that Officers Stillman and Boeck were acting as employees of the City of Racine Police Department, § 1983 does not provide for municipal liability based on vicarious liability. *See J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020) ("Time and again the Supreme Court has reinforced the strict prohibition against allowing principles of vicarious liability to establish municipal liability under § 1983."). The complaint fails to allege any facts that could plausibly support a § 1983 claim against the City of Racine. For this additional reason, the Estate's *Monell* claim fails.

## CONCLUSION

I do not doubt her grandson's death caused Myers great pain. But Myers cannot legally bring a cause of action on behalf of the Estate for multiple reasons. First, the Estate is closed and Myers is not the legal personal representative of the Estate. Second, while Nakia Shannon and Johnson were beneficiaries of the Estate, Myers was not. Thus, Myers could not represent the Estate *pro se* even if she was the designated personal representative. Furthermore, even assuming tolling applies, the applicable statute of limitations for § 1983 claims had expired by the time the Estate filed its complaint in this action. Finally, the

complaint fails to establish a viable *Monell* claim against the City of Racine. For all of these reasons, Defendants' motion to dismiss is granted and this case is dismissed.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Defendants' Motion to Dismiss (Docket # 3) is **GRANTED**. The case is dismissed. The Clerk of Court will enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 6th day of February, 2025.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge